IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON                                                                                   PLAINTIFF

v.                                        Civil No. 5:21-CV-05233

SHERIFF HOLLOWAY, Benton County,                                                            DEFENDANTS
Arkansas; CORPORAL BENJAMIN
VINSON, JR.; DEPUTY BRIDENSTINE;
DEPUTY KOEHLER; DEPUTY JORDAN;
DEPUTY CAMERON SKAGGS; DEPUTY
BOOKOUT; DEPUTY WILKINS; and JOHN
OR JANE DOE, Supervisors and/or Deputies

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Joshua D. Wilson, proceeds in this matter *pro se*. (ECF No. 1). Currently before the Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2). The issue is ripe for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff's Complaint and application to proceed *in forma pauperis* ("IFP") was filed on December 28, 2021. (ECF Nos. 1, 2). An Order was entered directing the Clerk to provisionally file the Complaint and IFP application. (ECF No. 3). The Order noted that it appears Plaintiff has three or more strikes that would make him ineligible for IFP status under 28 U.S.C. § 1915(g). Plaintiff was given until January 25, 2022, to establish why § 1915(g) does not apply to this action

1

or pay the $350 filing fee and $52 administrative fee for a total of $402.  The Order further noted, "**Plaintiff is advised that failure to comply with this Order shall result in the dismissal of this case**." *Id*.  Plaintiff has not responded to the Order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

      IT IS SO ORDERED this 14th day of February 2022.

                                         */s/ Christy Comstock*
                                         CHRISTY COMSTOCK
                                         UNITED STATES MAGISTRATE JUDGE